[Civ. No. 11332.   First Appellate District, Division Two.—March 8, 1940.]

FRANK M. FERNANDEZ, Appellant, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Administrator, etc., Respondent.

C. C. Towner and E. R. Simon for Appellant.

Robert M. Porter, Mathes & Sheppard and J. Stanley Mullin for Respondent.

NOURSE, P. J.—Plaintiff sued to impress a trust upon real property and for an accounting. Findings and judgment were both entered favorable to defendant.

The appellant states as the question involved on this appeal: ''Was the evidence offered sufficient to establish an alleged oral agreement to allow plaintiff to redeem the real property . . . and to entitle plaintiff to . . . an accounting. . . . '' We must of necessity first criticise the statement of

the issue. When the findings are adverse to appellant there is never a question on the appeal whether the evidence would have sustained a finding favorable to him. If the competent evidence supports the finding which was made that ends the controversy on the question of the "sufficiency" of the evidence. It should be borne in mind further that, when the appeal rests on the question of the sufficiency of the evidence to support the finding which was made, the appellate court must accord to the finding made the benefit of all presumptions and inferences fairly applicable to the facts in evidence.

With these rules in mind we will not attempt to make an extended reprint of the evidence, but will rest upon a brief statement of the facts which support the findings of fact and the judgment.

Prior to June, 1934, plaintiff owned certain real property subject to a first and second trust deed held by O. W. Bashaw. In October, 1934, the property was sold, after notice of default to a party acting for Bashaw. Certain showcases and market fixtures had been placed in the premises by plaintiff which he was purchasing under a conditional sales contract. Plaintiff had assigned his equity in this property to Bashaw, as additional security for his obligation under the deed of trust, and, after Bashaw's death, plaintiff sued his administrator seeking to establish a trust in these properties because of an alleged oral agreement with Bashaw to allow plaintiff one year to redeem.

For proof of the alleged agreement the plaintiff relied upon testimony of conversations held on June 26, June 27, and June 28, 1934. These conversations were in the form of oral negotiations looking to an agreement whereby the plaintiff should undertake to execute a grant deed to Bashaw to save the latter from foreclosure proceedings and, in consideration therefor, Bashaw was to give plaintiff a six months' option to repurchase the properties. To give plaintiff an opportunity to consult an attorney the parties agreed to meet again on June 27th, but plaintiff failed to keep the appointment. It is conceded that no definite agreement was made on June 26th, and that the conversations with plaintiff's brother on the 27th resulted in nothing more than a postponement until the following day. The parties met in the office of plaintiff's brother on June 28th. A deed was then

prepared by one of those present, drawn for the purpose of transferring plaintiff's full title and interest to Bashaw. Plaintiff then agreed to meet Bashaw at the latter's office the following morning for the purpose of exchanging the deed of conveyance for Bashaw's option to plaintiff to repurchase the property.

It is manifest that up to this point no contract was made—that all the conversations detailed in the testimony were but oral negotiations designed to lead to the execution of a written contract, or contracts. Plaintiff's explanation of the reasons why no written contracts were executed differs in some respects from the testimony of defendant's witnesses. All were agreed, however, that no written contracts were signed. Plaintiff has sought to meet this obstacle with testimony of his brother that the two met Bashaw secretly and alone at the latter's office in Glendale on the morning of June 28th and that at that time Bashaw agreed to give plaintiff one year to redeem the property. This alleged oral promise the plaintiff seeks to make the basis of his claim of a parol trust.

The trial court refused to believe the story of this witness after it was shown by reliable witnesses that neither plaintiff nor his brother was in Glendale at the time, that Bashaw was not in Glendale, that plaintiff and his brother were both in Los Angeles at the time at the conference with the other witnesses, and that plaintiff offered no consideration for the purported promise to give him one year to redeem the property. It is not hard to understand why the trial court should discredit the witness Fernandez. His care to place the meeting where no one else could see or hear them; to limit those present to the plaintiff, himself, and Bashaw, who is deceased, when all other negotiations were made by Bashaw's agent with from five to six persons present; his statement that Bashaw there gave him a year's option to repurchase without any consideration whatever, whereas at all previous conferences the parties were negotiating for a six months' option with a valuable consideration running to Bashaw which would have saved him in time, money, and trouble from foreclosure proceedings; the fact that plaintiff formerly sued for damages alleging that Bashaw agreed to give him an option to repurchase and had *failed to do so,* whereas he now sues

on the theory of an unperformed contract giving him such option; all these considerations were sufficient to justify the finding under attack. And over them all is cast the cloud that at no time, from the first negotiation to the present date, has plaintiff offered any equity on his part.

Appellant claims error in the denial of his motion for a new trial. The argument is on the "insufficiency" of the evidence, which we have heretofore covered, and on the asserted newly discovered evidence. This evidence was merely cumulative of that produced by appellant, and of no better odor. There was no error in denying the motion.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.